Rodriguez v New York City Tr. Auth. (2019 NY Slip Op 03733)





Rodriguez v New York City Tr. Auth.


2019 NY Slip Op 03733


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9302 161282/17

[*1]Jenny Rodriguez, Plaintiff-Respondent,
v
New York City Transit Authority, et. al., Defendants-Appellants, "John Doe," etc., Defendant.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Sacco & Fillas LLP, Astoria (Joseph Katz of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about September 11, 2018, which denied the motion of defendants New York City Transit Authority and Manhattan & Bronx Surface Transit Operating Authority for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
It is well settled that a defendant is not liable where he or she is faced with a sudden and unforeseen occurrence that was not of his or her own making and presents sufficient evidence to support the reasonableness of his or her actions (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; Ward v Cox, 38 AD3d 313 [1st Dept 2007]). Here, defendants established their entitlement to judgment as a matter of law in this action where plaintiff was injured when the bus on which she was a standing passenger came to a sudden stop, causing her to fall. The video evidence showed that the accident occurred because a bicyclist suddenly appeared in the parking lane adjacent to defendants' bus, and seconds later fell into the bus's driving lane. At that time, the bus was traveling 17 miles per hour, and within a second of the bicyclist's fall, the bus driver merged to the left lane and applied the brakes. About five seconds later, the bus driver made a complete stop, and the bicyclist remained on the ground, next to the bus. It was apparent from the surveillance footage that if the bus driver had not reacted in the manner in which he did, the bus would have struck the bicyclist (see Jones v New York City Tr. Auth., 162 AD3d 476 [1st Dept 2018]; Orsos v Hudson Tr. Corp., 111 AD3d 561 [1st Dept 2013]).
Plaintiff's contention that more discovery is required is unsupported by anything suggesting that additional discovery will
lead to further relevant evidence (see CPLR 3212[f]; Ehrenhalt v Kinder, 85 AD3d 553 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK